IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| **MAYBERRY STREET CHURCH OF CHRIST,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 4:25-cv-21-CEA-MJD** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

---

**STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL APPRAISAL**

---

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through counsel, responds in opposition to Plaintiff's Motion to Compel Appraisal (Doc. 22) ("Motion"). The Court should deny the Motion for the reasons set forth below.

## I. Introduction

Plaintiff Mayberry Street Church of Christ ("Mayberry") seeks specific performance of an insurance policy provision without having pled a claim for specific performance or filed a Rule 56 motion. Moreover, Plaintiff has not provided sufficient information to determine whether appraisal is appropriate. In any event, the parties' competing estimates demonstrate a dispute over coverage and liability, and not the amount of loss. Plaintiff's dilatory Motion, filed on the eve of the discovery cutoff, is untimely and should be construed as a waiver of appraisal. Mayberry has not yet responded to State Farm's discovery requests served on October 30, 2025. Mayberry served discovery requests on State Farm on December 10, 2025, despite the Scheduling Order requiring

discovery to be completed by January 6, 2026. Further, Mayberry has failed to disclose any expert witnesses. As such, the only proof Mayberry has to show there is a dispute over the amount of loss is the unsubstantiated Mayberry Repair Estimate and accompanying pictures.

## II. Factual Background

The Plaintiff Mayberry Street Church of Christ ("Mayberry") is located at 412 Mayberry St., Fayetteville, TN 37334. (Complaint at ¶ 1). On March 25, 2023, a storm event passed over Mayberry and damaged the building. *Id.* at ¶ 10. State Farm insured Mayberry at the time of the storm event. (see Policy, Doc. No. 1-1, at PageID #: 54).

On April 18, 2023, State Farm sent Mayberry its estimate and actual cash value payment of $3,73.75. (See **Exhibit 1**, "State Farm Estimate"). The State Farm Estimate set a replacement cost value of repairs at $14,637.14. The Policy has a $10,000 deductible, so the net actual cash value payment (after deducting $873.39 in depreciation) was $3,763.75.[1] The State Farm Estimate has a total of 25 line-items, including replacement of 997.50 square feet of metal roofing ($7,267.02), replacement of 204.88 square feet of soffit ($1,392.10), replacement of five doors ($4,149.61), and repair of the stairwell walls ($636.79). *Id.* at pp. 5-7.

On September 1, 2023, Mayberry's public adjuster submitted an estimate to State Farm valuing repairs at $372,057.32 (Doc. 22-1). The estimate included 58 line-items and called for complete removal and replacement of all 10,078 square feet of Mayberry's roof. *Id.* at PageID 159. Some of the more significant additional items that appear in the Mayberry Repair Estimate *but not* in the First State Farm Estimate are as follows:

- Removal and replacement of all roof sheathing ($48,473.71);
- Painting and replacement of drywall in large sections of the interior ($61,756.00);

[1] The difference between ACV and RCV payments is simply the amount of withheld depreciation. RCV includes depreciation, ACV does not.

- Installation of ridge vents on the roof ($10,702.40);
- Installation of 578.17 linear feet of new gutters ($10,645.51); and
- Carport framing ($5,691.50).

Additionally, the Mayberry Repair Estimate did not have any accompanying explanation as to the contemplated repairs.

Based on the large difference in estimates, State Farm hired J.S. Held, LLC—an engineering firm—to inspect the property. (See J.S. Held Report, **Exhibit 2**). J.S. Held opined that there was storm related damage—consistent with State Farm's First Estimate, but also opined that there was moisture intrusion "due to pre-existing deficiencies, including deteriorated and cracked pipe boots, cracked and weathered sealant around pipe boots and the church steeple…" (Exhibit 2 at p. 2). Following this report, on May 7th, 2024, State Farm updated its estimate to show a $30,495.49 RCV. (See Second State Farm Estimate, **Exhibit 3**). This estimate has a total of 33 line-items, and contemplated replacement of 2,100 square feet of metal roofing, 64 square feet of sheathing, 204.88 square feet of soffit, and to paint about 6,000 square feet of the interior. *Id*. at pp. 5-6.

On or about July 5, 2024, Mayberry made a demand for appraisal through its Public Adjuster. (Doc 22-2).[2] On or about August 12, 2024 State Farm denied the demand, citing the substantial differences between the Mayberry Repair Estimate and Second State Farm Estimate. (See Appraisal Response attached as **Exhibit 4**). The letter explained "[t]he appraisal provision in the policy is to resolve differences in the price of repairs which State Farm determined were covered. The provided estimate presents a dispute in coverage under the policy and items not covered under this claim." *Id*. at p. 2.

[2] The letter is dated June 23, but State Farm did not receive it via email until July 5, 2024.

Mayberry filed suit in the Lincoln County Circuit Court on March 17, 2025. (Doc. 1-1). State Farm timely removed the matter to this Court on diversity jurisdiction grounds.

## III. <u>Law And Argument</u>

### a. <u>Mayberry should have filed a Rule 56 Motion.</u>

Mayberry "seeks enforcement of the Policy's mandatory appraisal clause." (Motion, at p. 11). Mayberry does not cite to the Federal Rules of Civil Procedure, but by virtue of asking this Court to enforce a particular provision in the Policy, Mayberry is essentially demanding specific performance. Mayberry did not sue for specific performance. Additionally, Mayberry did not mention appraisal in the Complaint and did not specify or allege that State Farm breached the contract by not agreeing to appraisal. Those omissions should be sufficient to deny the Motion.

There is, of course, no Rule of Civil Procedure which authorizes a "Motion to Compel" which would require this Court to award specific performance of a provision in an insurance contract *other than* by filing a proper Rule 56 Motion. There is authority for denying the Motion on this basis. For example, in *Battles, Inc. v. Nationwide Gen. Ins. Co*., No. 3:19-CV-13, 2020 U.S. Dist. LEXIS 204533, at* 16 (E.D. Tenn. Mar. 10, 2020), the Court denied a motion to compel an appraisal clause and stated "[g]iven that federal procedure applies, the Court finds that Plaintiff failed to bring its request properly before the Court." *Id*. at *13. The Court should deny the Motion under the same logic as *Battles*. More recently, the United States District Court for the Middle District of Tennessee in *James Byrge v. State Farm Fire and Casualty Company*, No. 3:25-cv-00458, denied a Motion to Compel Appraisal citing *Battles* and agreeing with the analysis above regarding the plaintiff's failure to file a Rule 56 motion. (See No. 3:25-cv-00458, Doc. 17, attached as **<u>Exhibit 5</u>**). *See also Holland v. Motorists Commer. Mut. Ins. Co.*, No. 3:22-cv-00856, 2023 U.S. Dist. LEXIS 171484, at *6 (M.D. Tenn. Sep. 26, 2023) ("This Court, however, has generally

required that dispositive issues regarding the enforcement of appraisal provisions be raised in dispositive motions and, following that authority, the Court will do so here as well.“).

**b. <u>Mayberry has waived the appraisal clause by invoking it so late in litigation.</u>**

"Tennessee law recognizes that appraisal clauses in insurance contracts can be waived by delay in demanding appraisal causing prejudice to the opposing party." *J. Wise Smith & Assocs. v. Nationwide Mut. Ins.*, 925 F. Supp. 528, 530 (W.D. Tenn. 1995). Although Mayberry demanded appraisal prior to litigation, it manifestly refused to act on its prior demand when it filed the lawsuit. It filed the lawsuit originally in Lincoln County Circuit Court on March 17, 2025. It waited until December 17, 2025 to file the Motion. The current discovery cutoff is January 6, 2026, some 20 days from the Motion's filing. (Doc. 11 at ¶ 5(e)). As it stands now, State Farm would need to depose the Plaintiff's appraiser, and file motions related to coverage issues if applicable. Appraisals can take many months to finish, and the current trial date is July 14, 2026, a date which might realistically arrive prior to the conclusion of appraisal. The Plaintiff's dilatory actions constitute a waiver of the appraisal provision. *J. Wise Smith & Assocs. v. Nationwide Mut. Ins.*, 925 F. Supp. 528, 532 (W.D. Tenn. 1995) (finding waiver where party demanded appraisal "after the close of discovery and only five weeks before the scheduled start of trial").

State Farm would be prejudiced by an appraisal for several reasons: (1) it would delay the case for many months, necessitating a continuance; (2) it would be inefficient because given the large delta between the estimates, a coverage determination might take issues of the table that an appraisal wastes time considering; and (3) Mayberry has no disclosed experts. Allowing Mayberry to delay the case by engaging in discovery 20 days before the discovery cutoff essentially allows

them to "prove" their damages through appraisal, as opposed to properly disclosed experts. For all these reasons, the Court should find that Mayberry has waived the appraisal clause.

### c. **Mayberry has insufficient proof to show a dispute over the amount of loss.**

Mayberry cannot establish a dispute over the amount of loss having not produced the factual proof necessary to define the dispute. When an insurance policy limits appraisal to determining the amount of loss, appraisal may not be used to determine questions of coverage and liability. *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 152 (Tenn. Ct. App. 2001). Thus, to decide whether to compel appraisal, a court must be able to discern whether there are questions of coverage and liability.

Mayberry bears the burden of establishing a dispute over the amount of loss. Under the Policy, appraisal is appropriate only where a disagreement exists as to the "value of the property or the amount of loss." (see Policy, Doc. No. 1-1, at PageID #: 32). Mayberry has not produced enough information for the Court to discern whether this is a dispute over the amount of loss or a dispute over coverage. Mayberry has not responded to discovery requests served on October 30, 2025, and only on December 10, 2025, did Mayberry serve discovery requests on State Farm.

The only evidence Mayberry has offered to show a dispute over the amount of loss is the Mayberry Repair Estimate. (Doc 22-1). Mayberry offers no explanation connecting the March 2023 storm event to the damage underlying the requested repairs. Mayberry has not met its burden of proving that a dispute exists over the amount of loss. Further, because Mayberry has provided insufficient information, the Court cannot conclude that there are no questions of causation, coverage, or liability remaining. It should also be noted that State Farm disputes that these are covered damages or necessary repairs.

**d. <u>The vast differences in the parties' estimates show this is a dispute over coverage and liability.</u>**

Alternatively, if the Court decides to weigh the Motion notwithstanding the lack of a procedural vehicle or evidentiary proof, State Farm is prepared to address the substance of the Motion. First, as mentioned above, it is axiomatic that in Tennessee the appraisal process must not involve coverage and liability determinations. *See Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 152 (Tenn. Ct. App. 2001) (holding that appraisal clause "does not vest the appraisers with the authority to decide questions of coverage and liability"); *Khushi P'ship v. Berkshire Hathaway Homestate Ins. Co*., No. 3:22-cv-00265, 2023 U.S. Dist. LEXIS 6602, at *8 (M.D. Tenn. Jan. 13, 2023) (noting that "questions of coverage and liability are always questions that must be resolved by the courts, even when the amount of the loss is decided through the appraisal process."). Appraisal is only appropriate when there is a genuine dispute between the insured and the insurer concerning the *amount of loss*. Here, the dispute is about *coverage*, not the *amount of loss.* In short, the Second State Farm Estimate for $30,495.49 contains 33 line-items. (Exhibit 3). The Mayberry Repair Estimate for $372,057.32 contains 58 line-items including an entirely new roof and replacement of unspecified portions of drywall. (Doc. 22-1). The vast differences between the two estimates clearly demonstrate, and create, a coverage dispute, and are not mere disagreements over the amount of loss.

The Mayberry Repair Estimate itemizes repairs as follows:

| O&P Items | Total | % |
|---|---|---|
| CLEANING | 630.00 | 0.17% |
| CONTENT MANIPULATION | 7,062.50 | 1.90% |
| GENERAL DEMOLITION | 40,159.88 | 10.79% |
| DRYWALL | 12,000.00 | 3.23% |
| ELECTRICAL | 46.07 | 0.01% |
| ELECTRICAL - SPECIAL SYSTEMS | 216.36 | 0.06% |
| HEAVY EQUIPMENT | 7,221.58 | 1.94% |
| FRAMING & ROUGH CARPENTRY | 5,691.50 | 1.53% |
| HAZARDOUS MATERIAL REMEDIATION | 1,185.00 | 0.32% |
| LABOR ONLY | 5,230.76 | 1.41% |
| PAINTING | 49,756.00 | 13.37% |
| ROOFING | 112,969.12 | 30.36% |
| SCAFFOLDING | 7,660.00 | 2.06% |
| SOFFIT, FASCIA, & GUTTER | 18,786.74 | 5.05% |
| TEMPORARY REPAIRS | 11,712.61 | 3.15% |
| WATER EXTRACTION & REMEDIATION | 1,026.96 | 0.28% |
| O&P Items Subtotal | 281,355.08 | 75.62% |
| Material Sales Tax | 4,820.94 | 1.30% |
| Storage Rental Tax | 21.84 | 0.01% |
| Overhead | 42,929.73 | 11.54% |
| Profit | 42,929.73 | 11.54% |
| Total | 372,057.32 | 100.00% |

(Doc. 22-1 at PageID 164).

The total RCV cost of each category listed in the Second State Farm Estimate is:

1. Doors - $4,149.61
2. Drywall - $433.82
3. Finish Hardware - $64.88
4. Insulation - $34.38
5. Metal Structures & Components - $291.61
6. Painting - $6,617.68
7. Roofing - $15,462.79
8. Scaffolding - $1,021.92
9. Soffit, Fascia, & Gutter - $1,472.07
10. Windows - $947.13

(Exhibit 3, at pp. 11-12). The delta between State Farm's and Mayberry's estimates is significant: $341,561.83. Additionally, as shown by the J.S. Held report, there are items covered in the Public Adjuster's estimate for which State Farm has coverage defenses.

In cases such as these, where there is a substantial coverage dispute and a dispute concerning the amount of loss, Courts have analyzed whether "the dispute between the parties is more appropriately described as an issue of whether the given damage is covered by the insurance policy." *Michael v. State Farm Fire & Cas. Co*., No. 1:24-cv-01046-JDB-jay, 2024 U.S. Dist. LEXIS 128330, at *9 (W.D. Tenn. May 24, 2024). In such cases, "the court should deny the motion to compel appraisal." *Id.* As shown above, this case concerns a coverage dispute which makes appraisal inappropriate.

**IV. Conclusion**

Unlike Mayberry's Repair Estimate, the Second State Farm Estimate was made after State Farm procured a detailed engineer's report. (See Exhibit 3). Since filing this suit, Mayberry has missed the deadline for expert disclosures, not responded to discovery requests, and only on December 10th, 2025, served discovery requests of its own. Mayberry's continued delinquency should not be rewarded with appraisal.

In the interest of judicial economy, based on the plain terms of the policy, and for other good cause shown above, the Court should deny the Motion.

Respectfully submitted,

/s/ Daniel C. Headrick
Matthew J. Evans (#017973)
Daniel C. Headrick (#026362)
JOHNSON EVANS & HEADRICK, P.C.
900 S. Gay Street, Suite 1810
Knoxville, Tennessee 37902
(865) 314-8422
mevans@je.legal
dheadrick@je.legal
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF upon the following:

J. Bart Denham
Denham Property and Injury Law Firm
250 W. Main St., Suite 120
Lexington, KY 40507
(859) 900-2278
Bart@Denham.Law
Service@Denham.Law

on this the 30th day of December, 2025.

/s/ Daniel C. Headrick
Daniel C. Headrick