| | | |
|---|---|---|
| MAYBERRY STREET CHURCH OF CHRIST, | ) ) ) | |
| | ) | Case No. 4:25-cv-21 |
| *Plaintiff*, | ) ) | |
| | ) | Judge Atchley |
| v. | ) | Magistrate Judge Dumitru |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel Appraisal [Doc. 22] of Plaintiff Mayberry Street Church of Christ. For the reasons that follow, the Motion [Doc. 22] will be **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2023, a storm event caused damage to Mayberry Street Church's property located at 412 Mayberry Street, Fayetteville, Tennessee (the "Property"). [Doc. 22 at 3]. Mayberry insured the Property with State Farm and had an active policy at the time of the storm. [Complaint, Doc. 1-1 at ¶¶ 7-10]. After the storm event, Mayberry filed a claim with State Farm, and State Farm assigned an adjuster to adjust the claim. [*Id.* at ¶ 11].

State Farm acknowledged coverage for a portion of the loss and made a payment, based on its own estimate of the damage. [Docs. 22 at 3; 24 at 2]. Mayberry alleges that State Farm failed to fully quantify its covered losses. [Complaint, at ¶¶ 11-12].

In a letter dated June 23, 2024, Mayberry notified State Farm, in writing, that it was invoking the appraisal provision of the insurance policy. [Doc. 22-2].

The Policy's appraisal clause states in relevant part:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

[*Id.*]. Mayberry selected an appraiser, but State Farm denied its demand for appraisal on August 12, 2024 [Doc. 24-4]. State Farm informed Mayberry that its estimate of the damage to the Property represented a dispute in coverage rather than a dispute as to the amount of loss. [*Id.*]. Thus, it could not be settled under the Policy's appraisal clause.

Mayberry initiated this action on March 17, 2025. Mayberry brings claims for breach of contract and statutory bad faith. [Complaint at ¶¶ 25—35]. Mayberry has filed a Motion to Compel Appraisal pursuant to its insurance policy. [Doc. 22].

## II.    STANDARD OF REVIEW

"A federal court sitting in diversity applies the substantive law of the state in which it sits." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Tennessee law presumes a contract is governed by the "law of the jurisdiction in which it was executed absent a contrary intent." *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.*, 823 F. Supp. 2d 786, 801 (W.D. Tenn. 2011) (quoting *Se. Tex. Inns Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law)). Here, the Court applies Tennessee substantive law because the insurance policy was executed in Tennessee, and there is no indication that the parties intended another jurisdiction's law to govern.

Under Tennessee law, insurance contracts are interpreted according to the same principles that govern contract interpretation generally. *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305—06 (Tenn. 2007) (citing *McKimm v. Bell*, 790 S.W.2d 526, 527 (Tenn. 1990)). Courts must interpret the language of the policy according to its plain language and ordinary meaning, as well as construe the contract, as a whole, in a reasonable and logical manner. *Id.* (quoting *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 768 (Tenn. 2006)).

"Under Tennessee law, an appraisal provision in an insurance policy is valid." *Kush Enters., LLC v. Massachusetts Bay Ins. Co.*, No. 3:18-CV-492, 2019 WL 13117568, at *1 (E.D. Tenn. Nov. 7, 2019) (quoting *Bard's Apparel Mfg., Inc. v. Bituminous Fire & Marine Ins. Co.*, 849 F.2d 245, 249 (6th Cir. 1988)). "Courts 'regularly compel appraisal pursuant to such provisions,' even though these motions are not brought under any particular Federal Rule of Civil Procedure." *Morrow v. State Farm Fire & Cas. Co.*, 592 F. Supp. 3d 672, 676 (E.D. Tenn. 2022) (quoting *J. Wise Smith & Assocs., Inc. v. Nationwide Mut. Ins. Co.*, 925 F. Supp. 528, 530 (W.D. Tenn. 1995)). "[T]he object of appraisal in cases of casualty insurance is to quantify the monetary value of a property loss, rather than to decide issues of coverage or causation." *Id.* (quoting *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 149 (Tenn. Ct. App. 2001)) (internal quotation marks omitted). Accordingly, appraisers may determine the amount of loss sustained, but they may not decide questions regarding liability, coverage, or causation absent agreement of the parties. *Id.* at 677 (citing *Merrimack*, 59 S.W.3d at 153).

## III.   ANALYSIS

### a.   Positions of the Parties

Mayberry moves to compel State Farm to participate in the appraisal process contemplated by the Policy. [Doc. 22 at 1-2]. Mayberry contends that, although State Farm acknowledged

3

coverage for a portion of the storm damage and issued payment on the claim, the payment was insufficient to restore the Property to its pre-loss condition. [*Id*. at 3]. Mayberry estimates the full cost of repairs to be at least $372,057.32. [*Id.*]. Mayberry argues that it has satisfied the requirements to invoke the appraisal clause, because there is disagreement concerning the amount of loss and Mayberry made a written demand for appraisal. [*Id*. at 4]. Accordingly, Mayberry argues that appraisal is mandatory under the Policy. [*Id*.].

State Farm opposes the motion on several grounds. First, State Farm argues that Mayberry should have brought its motion pursuant to Rule 56 because Mayberry effectively seeks specific performance of the appraisal provision. [Doc. 24 at 4-5]. Next, State Farm argues that Mayberry waived its right to appraisal by invoking the provision after litigation had progressed. [*Id.* at 5-6]. Third, State Farm argues that Mayberry has failed to demonstrate a dispute over the amount of loss. [*Id*. at 6]. Finally, State Farm asserts that the parties' disagreement concerns coverage rather than the amount of loss, and, therefore, compelling appraisal is inappropriate. [*Id*. at 7-9].

### b. Analysis

First, Mayberry's motion to compel appraisal is procedurally proper. The Policy explicitly provides for appraisal, and the provision is mandatory if invoked by either party. [Doc. 22 at 3]. The Policy provides that: "If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser." [*Id*.]. Mayberry invoked the appraisal provision on June 23, 2024. [Doc. 22-2]. This provision is mandatory if invoked, demonstrated by the language "each party *will* select a competent and impartial appraiser." [Doc. 22 at 3] (emphasis added).

"This type of appraisal provision is valid in Tennessee." *Morrow*, 592 F. Supp. 3d at 676 (citing *Harowitz v. Concordia Fire Ins. Co*., 129 Tenn. 691, 168 (1914)). "Courts 'regularly

4

compel appraisal pursuant to such provisions,' even though these motions are not brought under any particular Federal Rule of Civil Procedure." *Id*. (quoting *J. Wise Smith*, 925 F. Supp. at 530); s*ee also Kush Enters., LLC*, 2019 WL 13117568, at *1.

The parties do not dispute that Mayberry submitted a written demand for appraisal. [Doc. 22 at 3; Doc. 24 at 3]. Mayberry seeks enforcement of the Policy's appraisal provision according to its terms, and the Court declines to construe the motion as one for summary judgment. *Kush Enters., LLC*, 2019 WL 13117568, at *1. State Farm has previously advanced this procedural objection in this Court, and the Court has rejected those arguments. *See Morrow*, 592 F. Supp. 3d at 676; *Ingram v. State Farm Fire & Casualty Co.*, No. 1:21-CV-00075, 2021 WL 6133771, at *2 (E.D. Tenn. Dec. 2021). The Court sees no reason to reach a different result here. Accordingly, "if there is a disputed amount of loss, State Farm must move forward with the Policy's appraisal process." *Morrow*, at 676.

Next, State Farm contends that Mayberry has waived its appraisal right by invoking it so late in litigation. [Doc. 24 at 4-5]. Under Tennessee law, appraisal provisions "can be waived by delay in demanding appraisal causing prejudice to the opposing party." *J. Wise Smith*, 925 F. Supp. at 530 (citing *Hickerson v. German–American Ins. Co.,* 96 Tenn. 193, 33 S.W. 1041, 1044 (1896)). At the same time, Tennessee law recognizes a "presumption against waiver," and the party asserting waiver bears the burden of proof. *Cox Paradise, LLC v. Erie Ins. Exch.,* No. 1:20-CV-01068-JDB-JAY, 2023 WL 11985250, at *2 (W.D. Tenn. May 5, 2023) (quoting *J. Wise Smith*, at 530-31). The party asserting waiver must show "voluntary relinquishment of a known right," which can be proven by "acts or declarations manifesting an intent and purpose not to claim the supposed advantage or by a course of conduct." *Id.* (quoting *Clippinger v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 4887984, at *7 (W.D. Tenn. Oct. 19, 2021)).

The facts here do not establish waiver. Mayberry first invoked the appraisal provision in writing on or about June 23, 2024, well before filing suit in March 2025. [Doc. 22-2]. Defendant denied that demand on August 12, 2024. [Doc. 24-4]. An email chain between Mayberry and State Farm demonstrates that Mayberry sought appraisal again on December 1, 2025, before filing the present Motion to Compel Appraisal on December 16, 2025. [Doc 22-3]. This course of conduct demonstrates a continued pursuit of appraisal rights rather than abandonment of them.

Nor has State Farm demonstrated prejudice sufficient to establish waiver. In *J. Wise Smith*, the Court found waiver where the party seeking appraisal, for the first time, waited until the last day for filing pretrial motions, after the close of discovery, and only five weeks before trial. 925 F. Supp. at 532. The circumstances here are materially different. Mayberry invoked appraisal before litigation commenced, and State Farm denied that request. [Doc. 22 at 3; Doc. 24 at 3]. Then, prior to the close of discovery, Mayberry moved to compel appraisal. [Doc. 24 at 5]. Moreover, the scheduling deadlines in this case have since been amended, and the parties are not on the eve of trial. State Farm has failed to make a showing that it would be prejudiced by the appraisal process if so compelled. Thus, the Court finds Mayberry did not waive the right to appraisal under the insurance policy. *See Cox Paradise*, 2023 WL 11985250, at *4 (rejecting waiver where the insurer failed to make a showing of prejudice).

Third, State Farm argues that Mayberry has failed to produce sufficient evidence for the Court to determine whether the parties' disagreement concerns the amount of loss. [Doc. 24 at 6]. In particular, State Farm contends that because Mayberry has not adequately connected the disputed repairs to the March 2023 storm event, "the Court cannot conclude that there are no questions of causation, coverage, or liability remaining." [*Id.*].

The Court finds that the competing estimates submitted by the parties demonstrate a disagreement regarding the amount of loss. State Farm cites no authority requiring Mayberry to conclusively establish, as a prerequisite to appraisal, that no questions of causation, coverage, or liability remain in dispute. [Doc. 24 at 6]. To the contrary, Tennessee law recognizes that appraisal may proceed while such issues remain reserved for judicial determination. *See Morrow*, 592 F. Supp. 3d at 677 ("Following appraisal, the Court will be able to decide issues of coverage and causation regarding the losses that State Farm maintains are not covered by the Policy."); *Ingram*, 2021 WL 6133771, at *3; *Kush Enters., LLC*, 2019 WL 13117568, at *2. Further, the Court is not evaluating Mayberry's motion under Rule 56, so the Rule's evidentiary burden does not apply. Accordingly, the Court declines to deny appraisal on this basis.

Finally, in the alternative, State Farm argues that appraisal is inappropriate because Mayberry's estimate includes additional items and repairs that State Farm contends are not covered under the Policy. [Doc. 24 at 7—9]. Thus, according to State Farm, the disagreement concerns coverage rather than the amount of loss. [*Id.*].

It is evident that "the object of appraisal in cases of casualty insurance is to quantify the monetary value of a property loss, rather than to decide issues of coverage or causation." *Morrow*, 592 F. Supp. 3d at 676 (quoting *Merrimack*, 59 S.W.3d at 149) (internal quotation marks omitted). However, State Farm has already acknowledged that at least some portion of the storm damage is covered under the Policy and issued payment on the claim. [Doc. 24 at 2]. Mayberry contends that State Farm's estimate failed to account for all storm-related damage, while State Farm maintains that its payment represents the full amount owed under the Policy. [Doc. 22 at 3; Doc. 24 at 3].

Thus, the parties do not dispute that at least some portion of the claimed storm damage is covered under the Policy; rather, they dispute the extent of the covered damage and the amount of

7

the loss. [*Id.*]. This disagreement falls within the scope of the appraisal provision. By contesting whether there is additional covered loss, "Defendant necessarily disagrees with Plaintiff that the total amount of loss Plaintiff incurred includes any additional loss." *Kush Enters., LLC*, 2019 WL 13117568, at *2.

State Farm's position would effectively permit an insurer to avoid appraisal by characterizing disagreements regarding additional damage as disputes concerning coverage. *See Ingram*, 2021 WL 6133771, at *2. ("To decide otherwise in this instance would allow insurance agencies to avoid appraisal by claiming there is a coverage issue, even when the dispute concerns additional amounts of loss."). As other courts have recognized, a contrary rule would require courts to conduct an "item-by-item" or "crack-by-crack" determination of causation and coverage before appraisal could occur, effectively allowing either party to defeat appraisal by labeling disputes regarding the extent of damage as coverage disputes. *Smith v. State Farm Fire & Cas. Co.*, 737 F. Supp. 2d 702, 710 (E.D. Mich. 2010); s*ee also Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 903 (Tex. App. 2006).

Nor will State Farm waive any of its coverage or causation contentions by engaging in appraisal. *Ingram*, 2021 WL 6133771 at *3. An appraiser's authority remains limited to determining the amount of loss. *Merrimack*, 59 S.W.3d at 152-53. Here, the provision does not allow the appraisers to make final determinations on causation, scope, or liability under the policy, just the amount of loss. [Doc. 22-2]. Thus, to the extent State Farm contends that particular repairs were not caused by the storm or are otherwise not covered under the Policy, those arguments may be raised following appraisal and resolved by the Court if necessary. *See Ingram*, 2021 WL 6133771, at *3; *Kush Enters., LLC*, 2019 WL 13117568, at *2.

8

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Appraisal [Doc. 22] is

**GRANTED** and the parties are **ORDERED** to engage in the contractual appraisal process.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

9